**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-11267**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ZOSIMO REYES SAENZ,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
_____

February 11, 2002

Before DUHÉ, BARKSDALE, and DENNIS, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

This appeal presents an issue of first impression in this circuit: whether the district court abused its discretion by denying, as time-barred, Zosimo Reyes Saenz's motion to amend his 28 U.S.C. § 2255 motion, rather than deciding whether, pursuant to Federal Rule of Civil Procedure 15, to allow the amendment. Saenz, federal prisoner # 27420-077, was granted a certificate of appealability on this issue alone. **VACATED in PART and REMANDED.**

I.

Saenz was found guilty, following a jury trial, of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) (Count I), and possession of a firearm during and in relation to a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count II).  In November 1995, Saenz was sentenced to 235 months imprisonment on Count I and 60 months on Count II.  His appeal was dismissed following the submission of an **Anders** motion and brief by his court-appointed counsel.  **United States v. Saenz**, No. 95-11087 (5th Cir. 1996) (unpublished).  That dismissal ruled Saenz's ineffective assistance of counsel claims should be raised in a § 2255 motion.

In February 1997, Saenz moved to correct his sentence, pursuant to 18 U.S.C. § 3582(c)(1) (presenting a claim under **Bailey v. United States**, 516 U.S. 137 (1995)).  The district court treated the filing as a 28 U.S.C. § 2255 motion.  Following an appeal being voluntarily dismissed by Saenz (because there was no final or otherwise appealable order), the district court granted Saenz's motion to supplement his § 2255 motion and permitted the Government to respond to additional grounds raised in the supplement.  Saenz's supplemental motion alleged, *inter alia*: "Defendant never had any offer for a plea.  Defendant never had sufficient comunication [sic] with caunsel [sic] exept [sic] trough [sic] messangers [sic] who come to Jail to say. (Kevin [Saenz's trial counsel] want you to signe [sic] this papers.)"

Following responses by the Government and Saenz in May and June 1997, respectively, the case languished for almost three years until 18 January 2000, when Saenz moved to supplement his § 2255 motion, seeking to add that his trial counsel failed to convey a plea offer to him.  The magistrate judge denied, as time-barred,

2

Saenz's motion to supplement, concluding that he waited 28 months after learning of the plea offer to present this claim. The magistrate judge then recommended denial of Saenz's § 2255 motion. Following receipt of Saenz's objections (including not being allowed to supplement), the district court adopted the magistrate's report and recommendations, denying Saenz's § 2255 motion.

Saenz timely filed a notice of appeal and separately filed an application for a certificate of appealability (COA). The magistrate judge recommended denial of the COA for the reasons stated in his report and recommendations, and the district court adopted that recommendation, denying Saenz's COA request. On 2 April 2001, our court: denied the majority of the COA request but granted a COA on "whether the district court abused its discretion when it denied as time barred [Saenz's] motion to amend the complaint"; and appointed counsel for him.

## II.

Habeas applications "may be amended or supplemented as provided in the rules of procedure applicable to civil actions". 28 U.S.C. § 2242. Similarly, Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts authorizes district courts to apply the Federal Rules of Civil Procedure when appropriate and not inconsistent with applicable statutes or rules.

Subject to certain conditions, Federal Rule of Civil Procedure 15 allows a party to amend a pleading. He may do so, *inter alia*, once before service of a responsive pleading; otherwise, he may

3

amend "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires". FED. R. CIV. P. 15(a). "An amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2).

The Government concedes Rule 15 applies in § 2255 proceedings. Every circuit that has addressed this issue agrees the Anti-Terrorism and Effective Death Penalty Act's one-year statute of limitations, 28 U.S.C. §§ 2244(d)(1) and 2255, does not render Rule 15 inapplicable to federal habeas proceedings. *See, e.g., **Calderon v. Ashmus***, 523 U.S. 740, 750 (1998) (Breyer, J., concurring) (unless expressly governed by statute, Rule 15 applies in habeas proceedings); ***Fama v. Comm'r of Corr. Servs.***, 235 F.3d 804, 814-16 (2d Cir. 2000) (applying Rule 15 to both §§ 2254 and 2255 motions); ***Anthony v. Cambra***, 236 F.3d 568, 576-77 (9th Cir. 2000) (applying Rule 15 to § 2255 motion), *cert. denied*, 121 S. Ct. 2576 (2001); ***United States v. Espinoza-Saenz***, 235 F.3d 501, 503-04 (10th Cir. 2000) (§ 2255 motion); ***United States v. Thomas***, 221 F.3d 430, 436 (3d Cir. 2000) (Rule 15 applies to § 2255 as long as the petitioner is not seeking "to add an entirely new claim or new theory of relief".); ***Davenport v. United States***, 217 F.3d 1341, 1344-46 (11th Cir. 2000), *cert. denied*, 121 S. Ct. 1232 (2001); ***United States v. Pittman***, 209 F.3d 314, 317-18 (4th Cir. 2000); ***United States v. Craycraft***, 167 F.3d 451, 457 (8th Cir. 1999).

4

Moreover, the Government is of the opinion that the proposed amendment — counsel's alleged failure to convey a plea offer — relates back to Saenz's permitted 1997 supplement concerning the claims that trial counsel was ineffective because, *inter alia*, he did not sufficiently communicate with Saenz and "Defendant never had any offer for a plea".

The district court, by adopting the magistrate judge's report and recommendations, denied Saenz's motion as time-barred. We review for abuse of discretion a district court's decision concerning amendment of pleadings. *E.g.*, **Union Planters Nat'l Leasing, Inc. v. Woods**, 687 F.2d 117, 121 (5th Cir. 1982). An erroneous legal conclusion constitutes an abuse of discretion. *E.g.*, **In re Coastal Plains, Inc.**, 179 F.3d 197, 205 (5th Cir. 1999), *cert. denied*, 528 U.S. 1117 (2000).

Because the Government responded to Saenz's supplemental motion in 1997, Saenz was required to seek leave from the district court to again amend his § 2255 motion. *See* FED. R. CIV. P. 15(a). The district court ruled Saenz's motion was time-barred, without explaining the basis, Rule 15 or otherwise, for doing so. In other words, it should have stated the underlying legal basis for its finding a time-bar, including determining, under Rule 15, whether the amendment related back to Saenz's original pleading and "consider[ed] such factors as prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment". **Union Planters**, 687 F.2d at 121.

5

## III.

Therefore, we **VACATE** that portion of the judgment denying leave to supplement concerning Saenz's allegedly not receiving a plea offer from his trial counsel and **REMAND** to the district court for further proceedings consistent with this opinion, including deciding whether the supplement should be allowed under Federal Rule of Civil Procedure 15.

*VACATED in PART and REMANDED*