United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-31135
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JERNARD LEWIS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-3136-N
USDC No. 98-CR-207-13
--------------------

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Jernard Lewis, federal prisoner # 01166-748, was convicted
by a jury of conspiring to distribute cocaine base and cocaine
hydrochloride and of using and carrying firearms during and in
relation to a drug offense.  He appeals the district court's
denial of relief on his 28 U.S.C. § 2255 motion challenging his
life sentence for the drug offense.  Lewis has moved to stay his
appeal pending Supreme Court decisions in two unrelated cases.
Because Mayle v. Felix, 125 S. Ct. 2562 (2005), has been decided,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this motion is DENIED as unnecessary.  Lewis's motion for a stay pending a decision in <u>Washington v. Recuenco</u>, 110 P.3d 188 (Wash.), <u>cert. granted</u>, 126 S. Ct. 478 (2005), is also DENIED. <u>See</u> <u>United States v. Robinson</u>, 367 F.3d 278, 285-86 (5th Cir.), <u>cert. denied</u>, 543 U.S. 1005 (2004); <u>cf.</u> <u>Wicker v. McCotter</u>, 798 F.2d 155, 157-58 (5th Cir. 1986).

The district court granted a certificate of appealability (COA) as to four issues.  Lewis moves for a supplemental COA on his assertion that his enhanced sentence violated <u>Blakely v. Washington</u>, 542 U.S. 296 (2000).  Lewis, however, has not shown "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Accordingly, COA is DENIED.

Lewis contends that his appellate attorney rendered ineffective assistance by not raising a claim pursuant to <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  He has not established a "reasonable probability" of "a different outcome if the attorney [had] adequately addressed the issue." <u>United States v. Dovalina</u>, 262 F.3d 472, 474-75 (5th Cir. 2001).

Lewis argues that his sentence violated due process under <u>Apprendi</u> because the jury had not made a finding of the requisite drug quantity to support his life sentence.  He maintains that he has established cause and prejudice for failing to raise the claim on direct appeal, allowing him to present it in his § 2255

motion.  Because Lewis has not established the ineffectiveness of appellate counsel, he has not shown cause to overcome the procedural default.  <u>See</u> <u>United States v. Walker</u>, 68 F.3d 931, 934 (5th Cir. 1995).

Lewis asserts that the district court abused its discretion in denying his motion to amend his § 2255 motion to add a claim that trial counsel rendered ineffective assistance by not raising at sentencing a challenge to his life sentence pursuant to <u>Jones v. United States</u>, 526 U.S. 227 (1999).  Even if it is assumed that the amendment would relate back to the time of Lewis's original pleading under FED. R. CIV. P. 15(c)(2), Lewis is not entitled to relief on this ground.  He has not established that his trial counsel rendered ineffective assistance at sentencing. <u>See</u> <u>United States v. Rios-Quintero</u>, 204 F.3d 214, 215 (5th Cir. 2000); <u>Lucas v. Johnson</u>, 132 F.3d 1069, 1078-79 (5th Cir. 1998). The judgment of the district court denying Lewis's § 2255 motion is AFFIRMED.