# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2014

Lyle W. Cayce
Clerk

No. 13-30363
Summary Calendar

JONAS JERON DENNIS,

Plaintiff-Appellant,

v.

UNITED STATES POSTAL SERVICE; AMY MCDONALD,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-1254

Before STEWART, Chief Judge, and JOLLY and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Jonas Jeron Dennis appeals the dismissal of his claims against the United States Postal Service ("Postal Service") and one of its employees, Amy McDonald (collectively, "Defendants") brought pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346(b)(1). For the reasons herein, we affirm the district court's dismissal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30363

## I.

The Dennises brought suit under the FTCA, contending that mail carrier McDonald had intercepted and failed to deliver and/or destroyed their mail on at least three occasions.  Defendants filed a motion to dismiss for lack of jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The district court referred the motion to a magistrate judge for a report and recommendation.  The magistrate judge recommended dismissal of the claims against McDonald, explaining that the FTCA does not create a cause of action against individual defendants acting within the scope of their employment and that the Dennises had judicially admitted that McDonald was being sued for actions taken during the course of her duties as a postal carrier.  The magistrate judge also recommended dismissal of the suit against the Postal Service because the case fell under an exception to the United States' waiver of sovereign immunity.  The Dennises objected to part of the report—though not to the portion regarding judicial admission.  After reviewing the record de novo, the district judge dismissed the claims for the reasons stated in the report.  Dennis timely appealed.[1]

## II.

Dennis does not appeal the dismissal of the claim against the Postal Service.  He argues only that his claim against McDonald, as an individual, should not have been dismissed.  In particular, he contends that the district court erred in holding that he judicially admitted that the actions he attributes to McDonald were carried out in the scope of her employment.

Before evaluating the district court's analysis, we must determine the appropriate standard of review.  Defendants argue that Dennis failed to object specifically to the magistrate judge's finding regarding Dennis's judicial

---

[1] Dennis alone appealed the judgment; his wife is not listed as an appellant.

2

No. 13-30363

admission. While such a failure would normally limit our review to one for plain error, we do not require specific objections as a prerequisite to full review when the district court has engaged in de novo review. *Meister v. Texas Adjutant Gen.'s Dep't*, 233 F.3d 332, 336 (5th Cir. 2000). Here, the district court engaged in a de novo review. We will, therefore, also apply a de novo standard of review. *See id.*

Under the FTCA, the United States is liable for injuries "caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1). Where an individual acts within the scope of their federal employment, the FTCA authorizes suit against the United States. *Id.* Under no circumstances does the FTCA create a cause of action against individuals. *See* 28 U.S.C. § 2679(b). Therefore, to bring suit against McDonald for the actions alleged in this case, Dennis would have to state another cause of action against McDonald.

In the complaint, the opposition to the motion to dismiss, and the briefs before this court, Dennis repeatedly states that this suit was brought pursuant to the FTCA. Although he mentions that McDonald is a defendant in her individual capacity, he never indicates any cause of action other than that available in the FTCA.[2] Thus, we need not decide whether Dennis judicially admitted that McDonald acted in the scope of her employment. We may affirm for any reason supported by the record. *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (per curiam). We hold that the district court properly

---

[2] In the opposition to the motion to dismiss, Dennis alleges that McDonald acted contrary to 18 U.S.C. §§ 1701 and 1708. These, however, are criminal statutes that do not create a private right of action. *See Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001) (holding that private rights of action to enforce federal law must be created by Congress; courts may not create a cause of action absent statutory intent).

3

No. 13-30363

dismissed the claim against McDonald because the statute pursuant to which the suit was brought does not create a cause of action against individuals.

Accordingly, we AFFIRM the district court's dismissal.