# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30276
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2015

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

DISTRICT ATTORNEYS OFFICE ST. LANDRY PARISH,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2197

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against the St. Landry Parish District Attorney's Office seeking punitive damages for libel, slander, and tainting his jury pool after it charged him with various crimes after his arrest for the Shunick and Pate murders. The district court treated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30276

Lavergne's complaint as arising under 42 U.S.C. § 1983 and dismissed his claims for failure to state a claim. The court explained that the District Attorney's Office was not an entity capable of being sued under § 1983 and that adding the District Attorney as a defendant would be futile because the District Attorney was immune from suit for monetary damages for filing charges against Lavergne. To the extent Lavergne raised claims under Louisiana state law, those claims were dismissed without prejudice.

We GRANT Lavergne's motion to file a supplemental brief. On appeal, he contends that the district court erred in dismissing his complaint before allowing him the opportunity to amend his complaint.

This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (per curiam). Questions of whether a defendant is entitled to immunity are likewise reviewed de novo. *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam).

Lavergne has not challenged the district court's determination that the District Attorney's Office is not an entity capable of being sued under § 1983, that if the District Attorney was added as a defendant, he would be entitled to absolute immunity, or that it should not exercise supplemental jurisdiction over his state law claims. Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Additionally, Lavergne has failed to identify defendants or material facts he would have included in an amended complaint that would have cured the deficiencies in his complaint. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam); *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (per curiam). Lavergne has

2

therefore failed to show that the district court abused its discretion in denying Lavergne's motions to amend his complaint. *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013); *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (per curiam). To the extent Lavergne raises new claims on appeal, we do not address them. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (per curiam).

The district court's judgment is AFFIRMED. Lavergne's motion to appoint counsel is DENIED.