# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10391

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2015

Lyle W. Cayce
Clerk

ROCCO FUNARI,

　　　　Plaintiff - Appellant

v.

WARDEN, Warden of James V. Allred Unit; NFN WHEELER,

　　　　Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:12-CV-11

Before JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:*

　　Plaintiff Rocco Funari alleges that while he was incarcerated, Officer George Wheeler used excessive physical force against him when removing him from his cell.  Proceeding *in forma pauperis* ("IFP") and pro se, Funari brought this 42 U.S.C. § 1983 claim for damages, arguing that Officer Wheeler and the prison warden violated Funari's Eighth Amendment right to be free from cruel and unusual punishment.

　　The district court has a responsibility to dismiss an IFP complaint if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a

---

　　* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10391

defendant with immunity. *See* 28 U.S.C. § 1915(e)(2)(B) (conferring same duty on this Court with respect to appeals). Here, the district court evaluated Funari's IFP complaint, concluded it was legally frivolous, and dismissed the complaint pursuant to § 1915(e)(2)(B)(i). Funari appeals that dismissal.[1]

Construing the facts from the complaint in Funari's favor, no reasonable jury could find that Officer Wheeler's actions were "not a good faith effort to maintain or restore discipline." *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) ("[T]he core judicial inquiry [in an excessive-force claim] is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). That force was required at all was due to Funari's repeated failure to comply with orders and his continued resistance to the officers once they entered his cell. Under the circumstances, the officers used no more force than was reasonably necessary to secure Funari. Because no reasonable jury could find that Officer Wheeler applied more force than "could plausibly have been thought necessary" to restrain Funari safely, *Whitley v. Albers*, 475 U.S. 312, 321 (1986), Funari's IFP complaint fails to state a claim on which relief can be granted and must be dismissed.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The district court's dismissal of Funari's complaint is, therefore,

AFFIRMED.

---

[1] We review the district court's determination that the complaint is frivolous for an abuse of discretion. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (providing standard of review for frivolity dismissal under subsection (i)); *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (listing factors this Court can consider in evaluating a frivolity-based dismissal).

[2] "[W]e may affirm the district court for any reason supported by the record, even if the district court did not rely on that reason." *Coffin v. Blessey Marine Servs., Inc.*, 771 F.3d 276, 285 (5th Cir. 2014) (citing *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009)). We take no position on the district court's conclusion that Funari's complaint was frivolous.