# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-30227
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AZIZI ANSARI,

Defendant-Appellant

————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-337-1

————

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Azizi Ansari, federal prisoner # 30027-086, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion. Ansari filed the § 3582(c)(2) motion seeking to have his 240-month sentence for conspiracy to possess with intent to distribute MDMA (ecstasy) reduced pursuant to Amendment 782 to the Sentencing Guidelines, which lowered by two levels the base offense levels for drug offenses. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court denied Ansari's IFP motion due to Ansari's failure to submit a certified copy of his inmate trust account.

To proceed IFP, a litigant must be economically eligible, and his appeal must raise a nonfrivolous issue. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Ansari has provided insufficient evidence that he is financially eligible to proceed IFP by virtue of his failure to provide this court with a certified copy of his inmate account balance during the last six months. *See* FED. R. APP. P. 24(a)(1)(A); Form 4 of the Rules of Appellate Procedure, Appendix of Forms. Regardless, the frivolous nature of his appeal obviates any need to determine his financial eligibility.

Ansari argues that the district court abused its discretion in denying his § 3582(c)(2) motion because he was not subject to a mandatory minimum sentence of 20 years. Based on a total offense level 37, combined with Ansari's criminal history category of VI, Ansari's original guidelines range was 360 to life. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). However, because the statutory maximum sentence for his conviction was 20 years, the guidelines sentencing range was limited to 240 months. *See* U.S.S.G. § 5G1.1(a); 21 U.S.C. § 841(b)(1)(C). Assuming, arguendo, that Amendment 782 would reduce Ansari's base offense level by two levels, his amended advisory guidelines range would be 292 to 365 months of imprisonment. *See Dillon v. United States*, 560 U.S. 817, 831 (2010); U.S.S.G. § 1B1.10(b)(1); Ch. 5, Pt. A. Because the amended guidelines range would be greater than the statutory maximum sentence of 20 years, the amended guidelines range would once again be limited to 240 months. *See* § 5G1.1(a). Accordingly, Amendment 782 would not have the effect of lowering Ansari's guidelines sentencing range. Thus, Ansari was ineligible for relief in light of Amendment 782. *See* § 1B1.10(a)(2)(B) & comment. (n.1(A)); *Dillon*, 560 U.S. at 826; *cf. United States*

No. 16-30227

*v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009). Accordingly, Ansari has not shown that his proposed appeal raises a nonfrivolous issue. His request for leave to proceed IFP is therefore DENIED, and his appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.