# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

―――――――

No. 17-30001
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2018

Lyle W. Cayce
Clerk

―――――――

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

DONALD SAMPSON, Also Known as Yune Sampson,

Defendant−Appellant.

―――――――――――――

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:14-CR-184-1

―――――――――――――

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Donald Sampson appeals his 135-month, within-guidelines sentence for

―――――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30001

conspiracy to possess with intent to distribute five kilograms or more of cocaine. Sampson contends that the district court erred by assessing him criminal-history points for four state misdemeanor convictions for which he was sentenced in 1999 and 2000, which he alleges predate his involvement in the instant drug-trafficking conspiracy by more than ten years. *See* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2). Sampson further asserts that the district court committed plain error by assessing criminal history points for his 2000 Louisiana aggravated-assault conviction, which he avers is similar to the excluded offense of disorderly conduct. *See* § 4A1.2(c)(1).

Sampson fails to show error—plain or otherwise—with respect to the guideline calculation. *See United States v. Fernandez*, 770 F.3d 340, 342, 344−45 (5th Cir. 2014); *Puckett v. United States*, 556 U.S. 129, 134 (2009). The record permits a plausible finding that Sampson began his involvement in the conspiracy no later than the mid-2000's, and it is not implausible to infer that conduct occurring in the mid-2000's began within ten years of 1999. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010). Accordingly, the finding that Sampson's convictions qualified for criminal-history points under § 4A1.2(e)(2) does not leave us with "a definite and firm conviction that a mistake has been made." *United States v. Roussel*, 705 F.3d 184, 199 (5th Cir. 2013); *see United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (noting that we "may affirm for any reason supported by the record, even if not relied on by the district court").

Nor does Sampson demonstrate plain error with respect to the inclusion of his 2000 aggravated-assault conviction in the criminal-history computation. *See Puckett*, 556 U.S. at 135. Considering the factors in *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991), the question whether Louisiana's offense of aggravated assault is sufficiently similar to disorderly conduct or

No. 17-30001

disturbing the peace to be excluded from the criminal-history computation under § 4A1.2(c)(1) is, at best, subject to reasonable dispute. *See Puckett*, 556 U.S. at 135. Notably, Sampson cites no authority, nor are we aware of any, discussing Louisiana's aggravated-assault statute in the context of § 4A1.2(c) or comparing it to the listed excludable offenses. *See United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). Accordingly, if error occurred, it was neither clear nor obvious. *See Puckett*, 556 U.S. at 135.

AFFIRMED.