# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30008

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2019

Lyle W. Cayce
Clerk

FRANCISCO FIGUEREDO-QUINTERO,

      Petitioner - Appellant

v.

SANDY MCCAIN, WARDEN, RAYMOND LABORDE CORRECTIONAL CENTER,

      Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-85

Before HIGGINBOTHAM, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Petitioner-Appellant Francisco Figueredo-Quintero, Louisiana prisoner # 577352, was convicted in a bench trial of oral sexual battery and sexual battery. He was sentenced to concurrent 20-year terms of imprisonment. Figueredo-Quintero subsequently filed a 28 U.S.C. § 2254 petition *pro se*, challenging those convictions. The district court denied his petition. Later, this

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30008

court granted a certificate of appealability (COA) to address issues related to Figueredo-Quintero's attempt to amend his § 2254 petition. Although the issue was not raised, we consider whether the district court abused its discretion in dismissing Figueredo-Quintero's § 2254 petition and implicitly denying his attempt to amend the petition under Federal Rule of Civil Procedure 15(a). We conclude that the district court did not abuse its discretion because Figueredo-Quintero's proposed amendment to his § 2254 petition would have been futile. Therefore, the judgment of the district court is AFFIRMED.

## I.

Figueredo-Quintero was convicted in a bench trial of oral sexual battery and sexual battery. *See State v. F.F.Q.*, 73 So.3d 536, 537 (La. Ct. App. 2011). He moved for a new trial based on newly discovered evidence of paycheck stubs which showed that Figueredo-Quintero had been working on certain dates. Figueredo-Quintero argued that the evidence impeached the victim's testimony that she had been with him on the dates in question. The motion was denied.

A habitual offender, Figueredo-Quintero was sentenced to concurrent 20-year terms of imprisonment on oral sexual battery and sexual battery convictions. In addition, pursuant to a guilty plea, he was convicted of cruelty to juveniles and received a consecutive 10-year sentence on that conviction. Figueredo-Quintero appealed, arguing that the evidence was insufficient to support his convictions and that there was a defective indictment. The state appellate court affirmed Figueredo-Quintero's convictions, and the Louisiana Supreme Court (LSC) denied his writ application on March 9, 2012. *State v. Figueredo-Quintero*, 84 So.3d 552 (La. 2012).

## A.

The Magistrate Judge determined that Figueredo-Quintero mailed an application for state post-conviction relief on or about January 8, 2013. For

No. 17-30008

reasons that are unclear, the application was never received or filed. Figueredo-Quintero subsequently filed a state post-conviction application on or about August 27, 2013.

Figueredo-Quintero presented four claims in his post-conviction application: (1) insufficiency of the evidence, (2) abuse of discretion in denying his motion for a directed verdict, (3) abuse of discretion in denying his motion for a new trial based on newly discovered evidence, and (4) ineffective assistance of trial counsel for failing to obtain the paycheck stubs prior to trial. The state trial court denied relief on all the claims, and determined that the ineffective assistance of counsel claim lacked merit. The state appellate court also denied the writ application. Later, the LSC denied Figueredo-Quintero's writ application by order dated October 23, 2015.

**B**.

Figueredo-Quintero filed a second application for post-conviction relief in state court on or about November 3, 2015. In the second application, he presented four new claims: (1) he was denied effective assistance of counsel at trial, on direct appeal, and in post-conviction proceedings; (2) the district court made a finding that he was innocent, and therefore the verdict was contrary to evidence; (3) the prosecution improperly withheld evidence of the victim's past sexual history; and (4) there was sufficient evidence to support a gateway claim and default should be excused. Figueredo-Quintero's ineffective assistance of trial counsel claim was based on his counsel's alleged failures to (a) obtain the victim's medical history, (b) impeach the victim based on her alleged sexual promiscuity, and (3) obtain an expert witness to address the issue of past sexual conduct. Concluding that all the claims were untimely because they were filed more than two years after his conviction became final, the state trial court denied Figueredo-Quintero relief by order dated November 25, 2015. *See* La.

3

No. 17-30008

Code Crim. P. art. 930.8(A) (stating that no application for post-conviction re-lief shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final, unless an exception applies). There is no indication that Figueredo-Quintero further pursued those claims in state court.

## C.

On December 29, 2015, Figueredo-Quintero signed and filed a § 2254 pe-tition. His petition contained the four claims that he had previously raised in his second post-conviction relief application. The Magistrate Judge indicated she could not determine whether the petition should survive preliminary re-view. On May 11, 2016, the Magistrate Judge ordered Figueredo-Quintero to amend the § 2254 petition within forty (40) days of the order and provide the court with proof or documentation to establish that he presented viable claims.

In response, Figueredo-Quintero submitted two filings. The first filing provided documents and information, but the upshot of the filing was that Figueredo-Quintero wanted to amend his § 2254 petition to raise five issues set forth in an attached exhibit (marked "Exhibit A"). Four of the five issues listed were the same claims he raised in his first state post-conviction applica-tion, and the fifth issue was his contention that the state court erred in denying relief pursuant to Louisiana Code of Criminal Procedure art. 930.3.

Figueredo-Quintero attached a § 2254 petition to the first filing on which the word "Amendment" was handwritten. The petition referred the reader to "Exhibit A" for a statement of the claims presented and the supporting facts. Figueredo-Quintero submitted several other documents with the § 2254 peti-tion, including a copy of the writ application he had submitted to the LSC ("LSC writ application") with his first state post-conviction application. The

4

No. 17-30008

LSC writ application included the same five claims he presented in the proposed amendment to the § 2254 petition. The second filing in response to the Magistrate Judge's order was merely duplicative of the first filing.

The Magistrate Judge determined that Figueredo-Quintero had complied with her prior order, ordered that the respondent be served with a copy of the original § 2254 petition, and did not address Figueredo-Quintero's attempt to amend his petition. The respondent answered the § 2254 petition, arguing that Figueredo-Quintero's claims were time-barred and that he failed to exhaust the claims that were never brought before the LSC. Figueredo-Quintero replied to the answer, noting in part that the LSC had denied his writ application pertaining to the claims raised in his first post-conviction application.

The Magistrate Judge issued a report and recommendation. She determined that, while Figueredo-Quintero's § 2254 petition had not been filed within the one-year limitations period, he was entitled to equitable tolling due to an "intervening event" that prevented his state post-conviction application from being received after it was sent in January 2013. Therefore, his § 2254 petition was timely filed. The Magistrate Judge determined that Figueredo-Quintero was renewing the claims raised in his second post-conviction relief application. The Magistrate Judge also concluded that he had not exhausted his claims for relief—they were procedurally defaulted—and that he had not established any basis to excuse the procedural default. The report and recommendation did not address the request to amend his § 2254 petition or the claims he raised in his first state post-conviction relief application.

Figueredo-Quintero objected to the report and recommendation. His objection seemingly attempted to address the merits of his claim of innocence. The respondent argued that the merits of Figueredo-Quintero's claims should not be addressed because he did not dispute that his claims were defaulted, he

5

had not shown cause for the procedural default and actual prejudice, nor had he established a gateway claim of actual innocence. Figueredo-Quintero filed a reply that attempted to address the claim of actual innocence, procedural default, and ineffective assistance of counsel.

Adopting the reasons stated in the Magistrate Judge's report and recommendation, the district court denied Figueredo-Quintero's § 2254 petition and dismissed it with prejudice. Figueredo-Quintero filed a timely notice of appeal. The district court denied a certificate of appealability (COA), and his motion to proceed *in forma pauperis* (IFP) on appeal was denied.

Later, he moved for a COA and to proceed IFP in this court. Figueredo-Quintero's IFP motion was granted. This court denied COA with respect to the issues Figueredo-Quintero raised, but granted COA to consider the unraised issue of whether the district court abused its discretion in implicitly denying Figueredo-Quintero's attempt to amend his petition.

## II.

The district court implicitly denied Figueredo-Quintero's motion to amend by denying the § 2254 petition without addressing the claims he sought to add in his proposed amendment. *See Soffar v. Dretke*, 368 F.3d 441, 470-71 (5th Cir. 2004) ("[A]ll claims not disposed of explicitly in a judgment are considered to have been implicitly rejected by the district court."), *amended on other grounds*, 391 F.3d 703 (5th Cir. 2004). Even though he did not raise the issue of the implicit denial of the motion to amend in his application for COA, this court has the discretion to evaluate unraised issues regarding the district court's denial of leave to amend a *pro se* petitioner's habeas application. *See United States v. Gonzalez*, 592 F.3d 675, 678 (5th Cir. 2009). Therefore, we proceed to address the propriety of the district court's decision.

In response to this court's grant of COA, Figueredo-Quintero now contends that the district court abused its discretion in denying him leave to

No. 17-30008

amend his petition under Federal Rule of Civil Procedure 15(a). Further, he contends that his new claims are timely and have been exhausted in state court. Finally, he asserts that any procedural default regarding his claims should be excused because the default was caused by his counsel on direct appeal. The respondent contends that the district court did not abuse its discretion because Figueredo-Quintero did not have a right to amend under Rule 15(a), and the claims he sought to raise via amendment were untimely.

Rule 15 of the Federal Rules of Civil Procedure governs amendments of § 2254 applications. *See* 28 U.S.C. § 2242; Rule 12, Rules Governing Section 2254 Cases; *see also Carter v. Procunier*, 755 F.2d 1126, 1129 (5th Cir. 1985) (applying Rule 15(a) in a § 2254 proceeding). We review the district court's denial of a motion for leave to amend for an abuse of discretion. *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017), *cert. denied,* 138 S. Ct. 687 (2018).

Relevant to the issues before this court, an amendment to a pleading may relate "back to the date of the original pleading" if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Claims added in an amended federal habeas petition do not relate back to the original petition merely because the claims arise out of the same trial and conviction. *Mayle v. Felix*, 545 U.S. 644, 649-50 (2005); *Gonzalez*, 592 F.3d at 679. Additionally, "[a]n amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

### III.

Given the one-year limitations period for a state prisoner to file claims in a § 2254 petition (see 28 U.S.C. § 2244(d)(1)), the claims Figueredo-Quintero sought to raise are time-barred if they do not relate back to the original § 2254

7

petition. Such a conclusion renders the claims in the proposed amendment futile. *See Gonzalez*, 592 F.3d at 681 (concluding a time-barred amendment that did not relate back to the original claims would have been futile).

A straightforward comparison of the claims raised in the original § 2254 petition with the additional claims raised in the proposed amendment to the § 2254 petition shows that the added claims are related to facts that differ substantially, in time and type, from the facts supporting the claims in the original § 2254 motion. None of the claims in the proposed amendment overlap with the claims in the original § 2254 petition. Consequently, none of the added claims relate back to that petition.

Because the claims in the amendment do not relate back to the original § 2254 petition, they are time-barred. Figueredo-Quintero's conviction became final on June 8, 2012, the date his 90-day period for seeking review by the United States Supreme Court expired. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Construing Figueredo-Quintero's *pro se* filings liberally, he allowed 214 days to elapse before seemingly mailing his first state post-conviction application on January 8, 2013. The one-year limitations period was tolled with respect to the added claims while the first state post-conviction application was pending. *See* 28 U.S.C. § 2244(d)(2). The limitations period began to run again when the LSC denied the first application on October 23, 2015. The untimely second state post-conviction application had no tolling effect. *See Wardlaw v. Cain*, 541 F.3d 275, 278-79 (5th Cir. 2008) (concluding a state post-conviction application rejected as untimely under state law did not toll the statute of limitations under § 2244(d)(2)); La. Code Crim. P. art. 930.8(A). An additional 205 days elapsed between the LSC's denial of the first post-conviction application and the filing of the proposed amendment to his habeas petition on May 16, 2016. Therefore, Figueredo-Quintero attempted to add claims

No. 17-30008

to his § 2254 petition 419 days after his state court conviction became final. The attempt was made well after the one-year limitations period expired.

Moreover, because the claims Figueredo-Quintero sought to add had been either previously raised in his state post-conviction application or related to the adjudication of the claims he raised in his state post-conviction proceedings, he could not have established a basis for equitable tolling regarding the claims in the proposed amendment. *See Palacios*, 723 F.3d at 604 (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)) (explaining that equitable tolling is granted where a petitioner can establish that he pursued habeas relief with "reasonable diligence," and some "extraordinary circumstances" prevented timely filing).

Figueredo-Quintero's amendment was untimely, rendering the amendment futile. The district court's implicit denial of his attempt to amend his original § 2254 petition was not an abuse of discretion.[1] The judgement of the district court is therefore AFFIRMED.

---

[1] We need not address whether amendment was proper as a matter of course, or with the opposing party's written consent or leave of court, because "a district court may deny motions to amend, even when such amendment would be 'as a matter of course,' when the amendment would be futile." *Gonzalez*, 592 F.3d at 681; *see also Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (including futility among the permissible bases for denial of a motion to amend).