# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2021

Lyle W. Cayce
Clerk

No. 19-30110
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOCK R. JONES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-396

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Jock R. Jones, federal prisoner # 05118-095, pleaded guilty to possession of a firearm by a convicted felon and was convicted following a bench trial of carjacking and using a firearm during the commission of a crime of violence. He was sentenced to a total of 384 months of imprisonment and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

five years of supervised release.  The district court denied Jones's 28 U.S.C. § 2255 motion, and it denied without prejudice his motion to supplement as an unauthorized successive § 2255 motion.  We granted a certificate of appealability on the issue whether the district court abused its discretion in dismissing Jones's motion to supplement as an unauthorized successive § 2255 motion.

Jones argues, and the Government agrees, that the district court abused its discretion in denying his motion to supplement because his first § 2255 motion was still pending when he filed the motion.  We review the denial of leave to amend a § 2255 motion under Federal Rule of Civil Procedure 15 for abuse of discretion.  *United States v. Gonzalez*, 592 F.3d 675, 678 n.2, 679 (5th Cir. 2009).  "An erroneous legal conclusion constitutes an abuse of discretion."  *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002).

There is no authority supporting the district court's determination that the motion to supplement was a successive § 2255 motion.  *Cf. United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).  When a pro se litigant raises a new issue for the first time in a pleading, the district court may construe it as a motion to amend his § 2255 motion.  *Saenz*, 282 F.3d at 356; *Riascos*, 76 F.3d at 94.  Nothing in the record indicates undue delay, bad faith, or dilatory motive on Jones's part, and it is not clear that amending his § 2255 motion to add the ineffective assistance claims would have been futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009).  There is nothing to indicate that the Government would have suffered prejudice if the district court had allowed the amendment.  These factors weigh in favor of granting the motion in the interest of justice.  *See* Fed. R. Civ. P. 15(a); *Jebaco, Inc.*, 587 F.3d at 322; *Saenz*, 282 F.3d at 356.  Therefore, the district court abused its discretion in denying Jones's motion to supplement his § 2255 motion.  *See Saenz*, 282

No. 19-30110

F.3d at 356; *Riascos*, 76 F.3d at 94-95.   Accordingly, the district court's judgment is REVERSED IN PART as to the denial of Jones's motion to supplement his § 2255 motion, and the case is REMANDED to the district court for further proceedings concerning the ineffective assistance of counsel claims raised in Jones's motion.