**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-40794
Summary Calendar

PATRICK ALEXANDER JONES,

Petitioner-Appellant,

versus

JOHN B. FOX,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:08-CV-167

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Patrick Jones, federal prisoner # 60763-080, was convicted of three charges

related to the possession and distribution of crack cocaine, and the district court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentenced him to life in prison. This court affirmed his conviction and sentence, and his first 28 U.S.C. § 2255 motion was unsuccessful. Jones then filed a purported 28 U.S.C. § 2241 petition in which he raised claims related to his indictment, trial, and sentence. The district court determined that Jones's alleged § 2241 petition was actually a § 2255 motion over which it lacked jurisdiction. The court thus dismissed the suit.

Jones appeals that dismissal. He argues that the court abused its discretion by denying his motion to amend. He also contends that he is entitled to bring a § 2241 petition pursuant to the savings clause of § 2255, that the district court misinterpreted *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), and that the merits of his claims should be considered because he is actually innocent.

Jones has shown no abuse of discretion in the denial of his motion to amend. *See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002). He also has not shown that the district court erred by determining that his alleged § 2241 petition was best construed as a § 2255 motion. *See Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987). Finally, Jones has shown no error in connection with the district court's interpretation of binding caselaw, nor has he shown that he should be permitted to proceed under the savings clause of § 2255. *See Reyes-Requena,* 243 F.3d at 904.

The judgment is AFFIRMED.