**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1114
_____

GEORGE VASQUEZ,

<u>Appellant</u>

v.

WARDEN STRADA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 11-cv-1710)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2012

Before:  SLOVITER, SMITH and COWEN, <u>Circuit Judges</u>

(Opinion filed: June 1, 2012)

George Vasquez, Appellant, Pro Se

J. Justin Blewitt, Jr., Esq.
Office of United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA 18503

Counsel for Appellee

_____

OPINION

_____

PER CURIAM

Appellant George Vasquez was sentenced in December 1993 in the United States District Court for the Southern District of New York to a term of imprisonment of 262 months for conspiracy to distribute heroin and for possession of heroin. In January 1996, Vasquez was sentenced in the United States District Court for the Middle District of Pennsylvania to a term of imprisonment of 14 months, to run consecutively to his New York sentence, for possession of a prohibited object. Vasquez's current projected release date with good conduct time is October 10, 2012.

The Second Chance Act of 2007, which applies here, increases a federal prisoner's eligibility for pre-release placement in a halfway house from 6 to 12 months, and requires the Bureau of Prisons (BOP) to make an individual determination that ensures that the placement is "of sufficient duration to provide the greatest likelihood of successful

reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). In accordance with the Act, regulations were issued so that placement in a community correctional facility by the BOP is conducted in a manner consistent with 18 U.S.C. § 3621(b). See 28 C.F.R. § 570.22. In addition to the individual determination under section 3621(b), a prisoner's participation in, or completion of, Inmate Skills Development programs within the institution is considered separately to determine if additional placement time is warranted as an incentive under 42 U.S.C. § 17541, the Federal prisoner reentry initiative. Section 17541 requires the BOP to "provide incentives for prisoner participation in skills development programs." Id. at §17541(a)(1)(G). One such incentive may "at the discretion of the [BOP]" include "the maximum allowable period in a community confinement facility." Id. at § 17541(a)(2)(A).

On April 20, 2011, Vasquez's Unit Team met to review his pre-release needs. As a result of this review, Vasquez was recommended for a 151--180 day placement in a Residential Re-entry Center ("RRC"). In making its assessment, the Unit Team considered Vasquez's criminal history, his community and financial resources, his disciplinary history, his employment skills, and family resources. Finally, Vasquez's institutional programming, specifically, his participation in or completion of Inmate Skills Development programs, was considered separately to determine whether additional RRC time was warranted under § 17541. It was noted that although Vasquez completed some programming courses, he had not regularly participated in educational programs during his extensive incarceration period. Vasquez's referral to community placement was subsequently approved by the Warden.

On September 14, 2011, Vasquez filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania. In this petition, Vasquez argued that the BOP failed to comply with the Federal prisoner reentry initiative, and that the BOP improperly amended section 3621(b) by unlawfully adding a sixth factor to trick inmates into thinking that they have been considered for the incentives that were never properly implemented by the BOP. Vasquez sought an order directing the BOP to grant him a community placement of 12 months. He also requested an order compelling the BOP to explain why the incentives were never created.

The BOP submitted an answer, arguing that Vasquez had not exhausted his administrative remedies. In the alternative, the BOP argued that Vasquez's habeas corpus claims lacked merit. In an order entered on December 29, 2011, the District Court agreed with both of the BOP's arguments and denied the habeas corpus petition. Vasquez appeals.

We have jurisdiction under 28 U.S.C. § 1291; United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (certificate of appealability not required to appeal from denial of section 2241 petition). Vasquez may resort to federal habeas corpus to challenge a decision to limit his RRC placement, Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005). However, prior to filing his petition, he was required to exhaust his administrative remedies. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Vasquez conceded before the District Court that he did not exhaust his administrative remedies, but

4

argued that exhaustion was not necessary prior to filing the instant petition.

We have held that a prisoner need not exhaust administrative remedies where the issue presented involves only statutory construction, Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981), but Vasquez asked the District Court to direct the BOP to provide him with the maximum 12- month RRC placement. Contrary to his assertion in the proceedings below, he was not merely challenging the construction of the Second Chance Act, or the BOP's implementation of the Federal prisoner reentry initiative. Exhaustion was required in his case, and Vasquez's habeas corpus petition properly was dismissed for failing to exhaust administrative remedies.

We further agree with the District Court that Vasquez's habeas corpus petition lacks merit in any event. Our review is limited to whether the BOP abused its discretion. See Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 2010). The BOP exercises its authority pursuant to the Second Chance Act to determine individual prisoner RRC placements by applying the five factors set forth in section 3621(b).[1] The sixth factor used by the BOP is participation

---

[1] Section 3621(b) states:

(b) Place of imprisonment. -- The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or

and/or completion of Skills Development programs pursuant to 42 U.S.C. § 17541. The record establishes that the BOP gave Vasquez an individual review of the five statutory factors contained in section 3621(b), and the additional factor of his participation and/or completion of Skills Development programs pursuant to 42 U.S.C. § 17541, prior to recommending that he receive a 151--180 day placement.

Having reviewed the record, and the arguments on appeal, we see no abuse of discretion in the way that the section 3621(b) factors were balanced with the goals of the Second Chance Act in Vasquez's case. Indeed, Vasquez received appropriate consideration for the maximum allowable period of community placement, as reflected by the BOP's comments concerning his skills development completion, his strong ties to the community, his significant financial resources, and his housing needs. (See DC dkt #8,

---

without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence --
(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28 . . .

18 U.S.C. § 3621(b).

Ex. 2, p. 44.)  The District Court properly concluded that the BOP did not abuse its discretion in reaching the determination that a 5 to 6 month placement is of sufficient duration to account for Vasquez's history.

We also agree with the District Court that Vasquez was unable to demonstrate that the BOP failed to comply with the Federal prisoner reentry initiative.  Vasquez claimed that BOP violated the statute when it failed to develop any incentives for participation in Inmate Skills Development Programming other than the incentive of consideration for the maximum period in an RRC.  Although the Second Chance Act requires the BOP to establish incentives for prisoner participation in skills development programs, the statute does not require that any particular incentive be established.  See 42 U.S.C. §§ 17541(a)(1)(G) and (2).  Moreover, Vasquez received appropriate consideration for the maximum allowable period of community placement.

For all of these reasons, we will affirm the judgment of the District Court.