DLD-123                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2805
_____

MICHAEL RINALDI,
                                    Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-13-cv-01952)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 26, 2015

Before: FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed: March 3, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Michael Rinaldi is a federal prisoner serving a sentence of 248 months in prison.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

At issue here is a habeas petition that he filed under 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") policy requiring him to work while in prison. Rinaldi argues that the BOP lacks the authority to require him to work because his sentencing court sentenced him only to a term of imprisonment and not to a term of "servitude." The District Court concluded that Rinaldi's claim does not constitute a challenge to the execution of his sentence cognizable under § 2241, and it dismissed his petition for lack of jurisdiction. Rinaldi appeals. He does not require a certificate of appealability to appeal the denial of his § 2241 petition, see Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012), and we thus have jurisdiction under 28 U.S.C. § 1291. We will affirm.

Federal prisoners may challenge the execution (as opposed to the validity) of their sentences under § 2241. See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). Although the meaning of execution of a sentence can be "hazy," it generally means "to put into effect or carry out" the terms of a criminal judgment. Id. at 536 (quotation marks omitted). Thus, a challenge cognizable under § 2241 generally requires an allegation "that BOP's conduct [is] somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 537.

Rinaldi appears to argue that the BOP's policy requiring him to work while in prison is inconsistent with his criminal judgment because the judgment itself does not require him to do so. That circumstance does not make the BOP's application of its general policy inconsistent with his judgment. The BOP has many policies governing many aspects of prison life, and its enforcement of those policies does not constitute the

2

execution of a prisoner's sentence subject to challenge under § 2241 merely because the judgment of sentence itself does not specify that the prisoner must comply with those policies. To the contrary, because "there [is] nothing in [Rinaldi's] judgment forbidding, or even concerning" the BOP's requirement that he work while in prison, his challenge "does not concern how BOP is 'carrying out' or 'putting into effect' his sentence, as directed in his sentencing judgment." Id.

For these reasons, we will affirm the judgment of the District Court. We express no opinion on whether Rinaldi could assert his (largely undeveloped) challenge to the BOP's policy in a civil action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Cardona, 681 F.3d at 537 n.9. We nevertheless note, as the District Court did, that prison officials generally may require convicted criminals to work while imprisoned. See, e.g., Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).