**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3373
_____

MICHAEL CRAWFORD,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-12-cv-01545)
District Judge:  Honorable Noel L. Hillman

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 26, 2015

Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: April 15, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Michael Crawford is a federal prisoner serving a sentence imposed in 1993 by the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

United States District Court for the Eastern District of North Carolina, which sentenced him as a career offender under U.S.S.G. § 4B1.1. Crawford unsuccessfully challenged his convictions and sentence on direct appeal and in a motion under 28 U.S.C. § 2255 in his sentencing court.

At issue here is a proceeding that Crawford initiated in the district of his confinement by filing a habeas petition under 28 U.S.C. § 2241. Crawford argued that the use of certain prior state-court drug offenses to enhance his federal sentence was rendered impermissible by Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Crawford conceded that he could not raise his claim in another § 2255 motion, but he argued that he could resort to § 2241 under In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). In that case, we held that § 2241 was available to a defendant whose statute of conviction was later interpreted in a way that rendered his conduct non-criminal and who had no prior opportunity to raise that issue. See id. at 251; see also United States v. Tyler, 732 F.3d 241, 246-47 (3d Cir. 2013) (applying Dorsainvil).

The District Court held that Crawford's claim does not qualify under the narrow Dorsainvil exception and dismissed his petition for lack of jurisdiction on October 19, 2012. Crawford did not appeal. Instead, and over a year and a half later, he filed a purported reply to the Government's response to his habeas petition. Crawford appeared to believe that the District Court had not yet ruled on his habeas petition, and he argued that his Carachuri-Rosendo claim was further supported by Descamps v. United States,

2

133 S. Ct. 2276 (2013), and subsequent Fourth Circuit authority. When the Government responded that the District Court already had dismissed Crawford's petition, Crawford filed a reply asserting that he never received notice of the District Court's ruling and requesting that the District Court reopen his habeas proceeding to consider his argument under Descamps. The District Court then reopened the proceeding for the limited purpose of addressing Crawford's filings, and it directed its Clerk to re-send its opinion and order to Crawford and then re-close the case. Crawford appeals.

Crawford's post-judgment filings are best construed as a motion for relief from the judgment under Fed. R. Civ. P. 60(b)(6). Although the District Court did not address Crawford's request to reopen the judgment on the basis of Descamps, its order re-closing the case implicitly denies that request. See United States v. Claxton, 766 F.3d 280, 291 (3d Cir. 2014). A certificate of appealability is not required to review a final decision in a § 2241 proceeding, and we thus have jurisdiction under 28 U.S.C. § 1291. See Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012). Our review is limited to the denial of Rule 60(b) relief and does not extend to the District Court's underlying order dismissing Crawford's habeas petition because "an appeal from the denial of Rule 60(b) relief does not bring up the underlying judgment for review." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 263 n.7 (1978).[1] We review the denial of Rule 60(b) relief for abuse of

---

[1] Crawford claims that he did not receive notice of the District Court's order dismissing his petition, and lack of such notice potentially states a ground to reopen the time to appeal under Fed. R. App. P. 4(a)(6). Reopening the time to appeal requires an actual motion and not merely a notice of appeal, however, and none of Crawford's post-

discretion.  See Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014), cert. denied, 83 USLW 3352 (Mar. 23, 2014) (No. 14-531).

Although the District Court did not explain why it rejected Crawford's request to reopen his § 2241 proceeding on the basis of Descamps, we will affirm because Crawford's motion states no conceivable basis for relief.  Relief under Rule 60(b)(6) is appropriate "only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."  Cox, 757 F.3d at 120 (quotation marks omitted).  Crawford's request to reopen on the basis of Descamps does not qualify for three reasons.

First, intervening changes in the law rarely constitute extraordinary circumstances, see id. at 121, and Descamps does not even represent an intervening change in the law.  In that case, the Court addressed the categorical and modified categorical approaches for determining whether a prior conviction constitutes an "violent felony" as defined in the Armed Career Criminal Act.  See Descamps, 133 S. Ct. at 2281-82.  The Court reaffirmed that its existing precedent, including Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005), permits application of the modified categorical approach only when a statute is divisible and then only to determine the subpart under which the defendant was convicted.  See Descamps, 133 S. Ct. at 2281-

judgment filings asked the District Court to reopen his time to appeal.  See Poole v. Fam. Ct., 368 F.3d 263, 268 (3d Cir. 2004).  Even if they had, the District Court would have lacked the authority to reopen the appeal period because Crawford did not submit the first of those filings within 180 days of the District Court's order.  See Fed. R. App. P. 4(a)(6)(B); Baker v. United States, 670 F.3d 448, 456 (3d Cir. 2012).

4

82. In doing so, the Court reversed a lower court's misapplication of the modified categorical approach as inconsistent with Taylor and Shepard. See id. at 2282-86. Thus, "[t]he Supreme Court in Descamps explained that it was not announcing a new rule, but was simply reaffirming the Taylor/Shepard approach, which some courts had misconstrued." United States v. Davis, 751 F.3d 769, 775 (6th Cir. 2014); see also Ezell v. United States, — F.3d —, No. 14-71696, 2015 WL 294306, at *3 (9th Cir. Jan. 23, 2015) (denying authorization to file a second or successive § 2255 motion because, inter alia, "[t]he Supreme Court did not announce a new rule in Descamps").

Second, and even if Descamps had changed the law, it would not have done so in a relevant way because Descamps has no bearing on Crawford's Carachuri-Rosendo claim or the availability of relief on that claim under § 2241. Crawford initially claimed that he is no longer a career offender by reason of his prior drug convictions because, under Carachuri-Rosendo, those convictions resulted in "little or no" prison time and thus did not constitute felonies as defined in the Controlled Substance Act. In support of his argument under Descamps, by contrast, Crawford argues that certain of his other (and unspecified) convictions no longer constitute violent felonies under the Armed Career Criminal Act when properly considered under the categorical and modified categorical approaches. That issue has nothing to do with Crawford's initial claim and thus does not call into question the District Court's dismissal of that claim.

Finally, Crawford did not assert a colorable independent claim under Descamps, let alone one that might fall within the narrow Dorsainvil exception permitting resort to §

2241. Crawford has not specified which prior convictions his sentencing court determined were violent felonies or why he believes that those convictions do not constitute violent felonies under the categorical or modified categorical approaches. Crawford thus has provided no reason to believe that his sentence as a career offender is now erroneous under Descamps. He also has provided no reason to believe that this sentencing issue represents the kind of miscarriage of justice permitting resort to § 2241. Cf. Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding that a claim of sentencing error under Apprendi v. New Jersey, 530 U.S. 466 (2000), did not fit within Dorsainvil because Apprendi did not render the petitioner's conduct non-criminal).

For these reasons, we will affirm the judgment of the District Court.