BLD-210                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1729
_____

HOWARD O. KIEFFER,
                                            Appellant

v.

WARDEN ALLENWOOD LSCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-14-cv-01547)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 21, 2015
Before: AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 28, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Howard O. Kieffer appeals from the order of the District Court dismissing a

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

habeas petition in which he purported to challenge under 28 U.S.C. § 2241 the execution of one of his federal sentences. We will affirm.

I.

Kieffer has been convicted in federal courts in both North Dakota and Colorado of charges arising from his unlicensed operation of a "nationwide criminal law practice." United States v. Kieffer, 681 F.3d 1143, 1146 (10th Cir. 2012). The North Dakota District Court sentenced Kieffer to 51 months of imprisonment on August 14, 2009, and the Eighth Circuit Court of Appeals affirmed. See id. (citing United States v. Kieffer, 621 F.3d 825 (8th Cir. 2010)). At issue in this case is Kieffer's subsequent Colorado sentence. On August 16, 2010, the Colorado District Court sentenced Kieffer to a term of 57 months in prison consecutive to his North Dakota sentence. The Tenth Circuit Court of Appeals affirmed Kieffer's convictions but remanded for resentencing because, inter alia, the Colorado District Court erred in making its sentence consecutive. See id. at 1167-68, 1172.

On remand, and on August 22, 2013, the Colorado District Court orally resentenced Kieffer to a term of 99 months in prison concurrent to his 51-month North Dakota sentence and stated that the purpose of the sentence was to ensure that Kieffer serve an additional 48 months in prison. See United States v. Kieffer, 596 F. App'x 653, 657 (10th Cir. 2014), petition for cert. filed, — U.S.L.W. — (U.S. May 7, 2015) (No. 14-9670). The Colorado District Court later attempted to memorialize its oral sentence in a First Amended Judgment, in which it stated that it "adjusted the ninety-nine (99) months

2

by subtracting the fifty-one (51) months already served in [North Dakota], for a remaining sentence of forty-eight (48) months[.]" Id. The Bureau of Prisons ("BOP") interpreted the First Amended Judgment as imposing only a 48-month term of imprisonment and began processing Kieffer for release. See id.

Upon learning of that fact, the Colorado District Court entered a series of further amended judgments in an effort to clarify its intent that Kieffer serve 48 months in addition to his North Dakota sentence, for a total Colorado sentence of 99 months. See id. at 657-59. Kieffer contends that the BOP calculated his release date as February 6, 2014, on the basis of the First Amended Judgment, but then recalculated it as January 2, 2017, after the Colorado District Court further amended its judgment.

Thereafter, and while simultaneously challenging the amended judgments on appeal to the Tenth Circuit, Kieffer filed a § 2241 habeas petition in the district of his confinement, which at that time was the Middle District of Pennsylvania. Kieffer argued that the BOP erred by calculating his sentence pursuant to the Colorado District Court's amended judgments instead of its oral sentence of August 22, 2013, which he contended imposed a term of only 48 months that expired on February 6, 2014. He further argued that the amended judgments are invalid because they conflict with the oral sentence. See United States v. Faulks, 201 F.3d 208, 211 (3d Cir. 2000).

While Kieffer's § 2241 petition remained pending, the Tenth Circuit vacated the Colorado District Court's amended judgments as unauthorized and remanded for that court to issue still another amended judgment consistent with its oral sentence—i.e., 99

months, minus 11 months for time served on the North Dakota sentence, for a total sentence of 88 months. See Kieffer, 596 F. App'x at 656, 661-62. In doing so, the Tenth Circuit expressly rejected the interpretation of the Colorado District Court's oral sentence that Kieffer advanced in his § 2241 petition. Id. at 661. The Colorado District Court later issued a new judgment (D. Colo. Crim. No. 1-09-cr-00410-001, ECF No. 225), and Kieffer's appeal from that judgment is pending (10th Cir. No. 15-1078).

After the Tenth Circuit issued its ruling, the District Court in this case dismissed Kieffer's § 2241 petition for lack of jurisdiction, reasoning that it constituted an attack on the validity of the Colorado District Court's amended judgments instead of a challenge to the BOP's execution of his sentence. The District Court also noted that it would have denied Kieffer's petition on the merits because he remains subject to imprisonment even under the oral sentence on which he relies. Kieffer appeals.[1]

## II.

As the District Court properly explained, § 2241 permits challenges to the execution but not the validity of a federal sentence. See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). Absent circumstances not present or alleged here, challenges to

---

[1] The BOP transferred Kieffer back to a federal facility in Colorado before the District Court issued its ruling. That transfer did not divest the District Court (or us) of the § 2241 jurisdiction that attached when Kieffer filed his petition. See Rumsfeld v. Padilla, 542 U.S. 426, 441 & n.14 (2004); Barden v. Keohane, 921 F.2d 476, 477 n.1 (3d Cir. 1990). Kieffer does not require a certificate of appealability to appeal the denial of his § 2241 petition, see Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012), and we thus have jurisdiction under 28 U.S.C. § 1291. According to the BOP's inmate locator, available at

the validity of a sentence may be brought only under 28 U.S.C. § 2255 and only in the sentencing court. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Thus, we agree that Kieffer's petition belonged in the Colorado District Court to the extent that it challenged the validity of that court's amended judgments. To that same extent, Kieffer's challenge also became moot when the Tenth Circuit vacated those amended judgments.

We acknowledge Kieffer's argument that his petition does more than merely challenge the validity of the amended judgments. Kieffer argues that the terms of his oral sentence control and that his oral sentence expired on February 6, 2014. If Kieffer were correct, then he arguably would be entitled to release now regardless of the terms of any amended judgment. See United States v. Cephus, 684 F.3d 703, 710 (7th Cir. 2012) (noting that, although the BOP generally "looks to the written judgment" in calculating a sentence, it ultimately is required to apply the sentence "as intended and pronounced by the sentencing court") (quotation marks omitted). Thus, it may be possible to construe Kieffer's petition as a challenge to the execution of his sentence that has not been mooted by the Tenth Circuit's vacation of the amended judgments.

To the extent that Kieffer's petition can be so construed, however, it is foreclosed by the substance of the Tenth Circuit's ruling. The Tenth Circuit squarely rejected Kieffer's argument that the Colorado District Court orally sentenced him to only 48 months in prison because, as the Tenth Circuit explained, the Colorado District Court

---

http://www.bop.gov/inmateloc, Kieffer is currently scheduled for release on December 29, 2016.

5

unambiguously expressed its intent to sentence him to 48 month in prison in addition to the time served on his North Dakota sentence, for a total sentence of 99 months.  See Kieffer, 596 F. App'x at 661.  Thus, the Tenth Circuit remanded for entry of a new judgment consistent with that oral sentence, the Colorado District Court has entered a new judgment, and Kieffer is challenging that judgment on appeal.  We express no opinion on the merits of that appeal but, even assuming that we had the authority to reach a contrary conclusion in the context of Kieffer's § 2241 petition, we would not do so for the reasons explained by the Tenth Circuit.

III.

For these reasons, we will affirm the judgment of the District Court.  Kieffer's motion to expedite this appeal and to adjudicate it on the District Court record is granted to the extent that we have resolved it on the District Court record without briefing.