BLD-032                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1707
_____

PATRICK JONES,
                            Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-13-cv-03105)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 29, 2015
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: November 5, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Patrick Jones (federal prisoner number 60763-080) appeals pro se from the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

District Court's dismissal of his habeas petition and denial of reconsideration. We will affirm.

I.

Jones is serving concurrent sentences of life imprisonment for convictions relating to the distribution of crack cocaine. Those sentences were imposed in 2003 by the United States District Court for the Western District of Texas. Jones has challenged his convictions and sentences in numerous proceedings, including a motion under 28 U.S.C. § 2255 in his sentencing court and a habeas petition under 28 U.S.C. § 2241 in at least one of his prior courts of confinement. See Jones v. Fox, 326 F. App'x 320, 320-21 (5th Cir. 2009).

Jones filed the § 2241 petition at issue here after being transferred to a federal prison within the Middle District of Pennsylvania. The petition has two aspects. First, Jones claims to be innocent of the charges underlying his life sentences on the grounds that his sentencing court imposed them on the basis of facts and charges that were not found by the jury. Jones has cited no authority in support of his claims in that regard, but they appear to be based on Apprendi v. New Jersey, 530 U.S. 466 (2000). Second, Jones claims that officials at a federal prison in Kentucky denied him due process during three hearings. Two of those hearings were disciplinary proceedings that resulted in Jones's transfer to a Special Management Unit in Pennsylvania (but not the loss of any good conduct time), and the third was a hearing on his designation for that transfer.

The District Court dismissed Jones's petition. The District Court concluded that Jones could not challenge his sentences by means of a § 2241 petition because he did not

2

show that a § 2255 motion in his sentencing court was or would have been inadequate or ineffective to raise his claims.  See 28 U.S.C. § 2255(e); Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002); cf. In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997).  The District Court further concluded that Jones's challenges to his disciplinary proceedings and transfer to the Special Management Unit are not cognizable in habeas because they do not implicate the duration of his confinement or the execution of his sentence.  See Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  Jones filed a motion for reconsideration, which the District Court denied, and Jones now appeals.[1]

## II.

We will affirm for the reasons adequately explained by the District Court.  We separately address only two of Jones's arguments on appeal, all of which relate solely to his criminal sentences.  First, Jones argues that he may proceed under § 2241 because the sentences he challenges are not based on facts found by the jury and thus are not based on any actual "conviction" that he can challenge under § 2255.  This argument is frivolous.  Section 2255 expressly permits challenges to a sentence in the sentencing court, and Jones's substantive claims are based on alleged occurrences before that court at trial and at sentencing.  There is no reason why Jones could not have raised his claims before that

---

[1] Jones does not require a certificate of appealability to appeal from the denial of his § 2241 motion, see Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012), and we thus have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's legal conclusions and otherwise review its denial of reconsideration only for abuse of discretion.  See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

court, if indeed he has not done so already.

Second, Jones argues that he may proceed under § 2241 because he is innocent. He relies for that argument on Dorsainvil and McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). In Dorsainvil, we held that a federal prisoner could proceed under § 2241 because he had no prior opportunity to raise an intervening Supreme Court decision that rendered his conduct non-criminal. See Dorsainvil, 119 F.3d at 251. The Supreme Court's decision in McQuiggin, however, does not render Jones's conduct non-criminal. Instead, McQuiggin holds that actual innocence constitutes an equitable exception to the statute of limitations set forth in 28 U.S.C. § 2244(d). See McQuiggin, 133 S. Ct. at 1931-32. McQuiggin thus has nothing to do with Jones's conduct of conviction. It also has nothing to do with his substantive claims, which he could have raised before. And even if his claims had merit, which we do not suggest, they would not establish his innocence in the first place.

For these reasons, we will affirm the judgment of the District Court. Jones's motion for appointment of counsel in this Court is denied.