**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

HOWARD O. KIEFFER,

       Petitioner - Appellant,

v.

DEBORAH DENHAM, Warden,

       Respondent - Appellee.

No. 15-1351
(D.C. No. 1:15-CV-01101-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Petitioner Howard Kieffer, a federal prisoner proceeding pro se, appeals the

district court's dismissal of his § 2241 habeas corpus action as successive.

This appeal, like several prior appeals arising in this and other circuits,

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

arises out of some confusion in the district court's oral pronouncement of sentence on remand from *United States v. Kieffer*, 681 F.3d 1143 (10th Cir. 2012) (*Kieffer I*). In *United States v. Kieffer*, 596 F. App'x 653 (10th Cir. 2014) (*Kieffer II*), we interpreted the district court's oral pronouncement to impose a ninety-nine-month term of imprisonment, to be served concurrently with the fifty-one months of imprisonment Mr. Kieffer had already served in North Dakota. We accordingly remanded with instructions for the district court to enter a new and final judgment consistent with this ninety-nine-month sentence, but with credit for the eleven months Mr. Kieffer served between the start of his incarceration in North Dakota and the commencement of the Colorado case, for a total sentence of eighty-eight months. In a recent decision in *United States v. Kieffer*, No. 15-1078 (10th Cir. Feb. 1, 2016), we rejected various challenges to the written judgment imposed on remand, holding that there was no discrepancy between the district court's oral pronouncement and the written judgment imposed in accordance with *Kieffer II*'s mandate.

While this litigation was pending in the Tenth Circuit, Mr. Kieffer filed a § 2241 habeas petition in the Middle District of Pennsylvania, where he was then incarcerated. The district court dismissed his habeas action for lack of jurisdiction, holding that Mr. Kieffer was really challenging the validity of his sentence and thus needed to proceed with a § 2255 petition filed in the sentencing court. The court also stated that, if it had the authority to reach the merits of Mr.

Kieffer's claims, it would conclude that Mr. Kieffer was not entitled to the relief he sought. On appeal, the Third Circuit affirmed the district court's judgment. The Third Circuit "agree[d] that Kieffer's petition belonged in the Colorado District Court to the extent that it challenged the validity of that court's amended judgments." *Kieffer v. Allenwood*, 616 F. App'x 464, 466 (3d Cir. 2015). The Third Circuit then noted Mr. Kieffer's petition could be construed as a challenge to the execution of his sentence, since he argued that the Bureau of Prisons should enforce (his interpretation of) the orally pronounced sentence, rather than the sentencing court's written judgment of eighty-eight months. "To the extent that Kieffer's petition can be so construed, however, it is foreclosed by the substance of the Tenth Circuit's ruling," *id.* at 367, since this circuit squarely rejected Mr. Kieffer's interpretation of the orally pronounced sentence in *Kieffer II*. The Third Circuit thus concluded that Mr. Kieffer's challenge to the execution of his sentence must fail on the merits.

After he was transferred to a prison located in the District of Colorado, Mr. Kieffer filed the instant § 2241 petition, in which he again argued the Bureau of Prisons was erroneously calculating his sentence based on the district court's written judgment instead of the orally pronounced sentence. The district court held that this petition raised the same claims that had already been raised and ruled on by the Third Circuit, and the district court thus dismissed the petition as successive.

-3-

On appeal, Mr. Kieffer argues the district court erred in dismissing his petition as successive because (1) the Third Circuit affirmed the dismissal of his petition for lack of jurisdiction, and thus did not adjudicate his prior § 2241 petition on the merits; (2) any determination as to the legality of his detention was made only in dictum and was based on a clearly erroneous determination of the facts; and (3) his current § 2241 petition challenges a different internal BOP sentencing calculation than the calculation that was in effect at the time the Third Circuit was considering his prior § 2241 petition. We find none of these arguments to be persuasive. The Third Circuit explicitly addressed and rejected the merits of Mr. Kieffer's challenge to the execution of his sentence, and the substance of that claim is identical to the claim he raises now. After a thorough review of the record and Mr. Kieffer's argument on appeal, we see no error in the district court's conclusion that the current § 2241 petition is successive.

We also note that, even if we were to address the merits of Mr. Kieffer's claims, they would fail. This circuit has consistently held that the orally pronounced sentence requires a total sentence of ninety-nine months of imprisonment, with credit for the eleven months Mr. Kieffer served before the commencement of this case, and the BOP is not acting improperly by applying this circuit's interpretation of the orally pronounced sentence, as memorialized in the district court's written judgment, instead of Mr. Kieffer's contrary interpretation.

-4-

We **AFFIRM** the district court's dismissal of the habeas petition as successive. Mr. Kieffer's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge