CLD-150                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3252
_____

HOWARD O. KIEFFER,
                                            Appellant

v.

WARDEN ALLENWOOD USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-01547)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 19, 2016
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: February 25, 2016)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Howard O. Kieffer, a federal prisoner proceeding pro se, appeals from the District Court's order denying his motion for relief from the dismissal of his habeas petition. We will affirm.

Kieffer was convicted in federal courts in North Dakota and Colorado of charges arising from his unlicensed operation of a criminal law practice. He was sentenced to 51 months in prison by the North Dakota District Court, and this sentence was affirmed. United States v. Kieffer, 621 F.3d 825, 827 (8th Cir. 2010). He was subsequently sentenced by the Colorado District Court to 57 months in prison, to run consecutive to his North Dakota sentence. The case was remanded for resentencing because the court erred in making the sentence consecutive. See United States v. Kieffer, 681 F.3d 1143, 1167-68, 1172 (10th Cir. 2012). On remand, the court orally resentenced Kieffer to 99 months in prison to run concurrent with the North Dakota sentence, stating that its intent was to have Kieffer serve an additional 48 months in prison. See United States v. Kieffer, 596 F. App'x 653, 657 (10th Cir. 2014), cert. denied, 135 S. Ct. 2825 (2015). The court memorialized the oral sentence in a First Amended Judgment, stating "the Court adjusted the ninety-nine (99) months by subtracting the fifty-one (51) months already served in [North Dakota], for a remaining sentence of forty-eight (48) months." Id. (alteration in original). The Bureau of Prisons ("BOP") interpreted this judgment as imposing only a 48-month sentence and began processing Kieffer for release. See id.

The Colorado District Court then issued a series of further amended judgments in an attempt to clarify its intent that Kieffer serve 48 months in addition to his North

2

Dakota sentence, for a total Colorado sentence of 99 months. Id. at 657-59. Kieffer challenged the amended judgments in the Tenth Circuit and also filed a habeas petition pursuant to 28 U.S.C. § 2241 in the Middle District of Pennsylvania,[1] arguing that the oral sentence imposed a term of 48 months (that had already expired) and that the BOP erred by recalculating his sentence pursuant to the further amended judgments. See Kieffer v. Warden, 616 F. App'x 464, 466 (3d Cir.) (per curiam), cert. denied, 136 S. Ct. 561 (2015).

While Kieffer's § 2241 petition was pending, the Tenth Circuit vacated the amended judgments and remanded for the Colorado District Court to issue a new judgment consistent with its oral sentence, i.e., a sentence of 99 months less 11 months served on the North Dakota sentence, for a resultant sentence of 88 months. See United States v. Kieffer, 596 F. App'x at 661-62. The court issued a judgment in accordance with that mandate, and Kieffer's subsequent appeal was unsuccessful. See United States Kieffer, No. 15-1078, 2016 U.S. App. LEXIS 1652, at *9, *12 (10th Cir. Feb. 1, 2016).

After the Tenth Circuit vacated the amended judgments and remanded for a new judgment consistent with the oral sentence, the Middle District of Pennsylvania dismissed Kieffer's § 2241 petition for lack of jurisdiction, reasoning that it was an attack on the validity of the Colorado District Court's amended judgments. We affirmed to the extent Kieffer's petition was construed as a challenge to the amended judgments. See Kieffer v. Warden, 616 F. App'x at 466. We also acknowledged that Kieffer's petition could be

---

[1] At the time he filed his § 2241 petition Kieffer was confined in Pennsylvania.

construed as challenging the execution of his sentence because he argued that his oral sentence was for a term of 48 months that had already expired.  Id. at 466-67.  However, we deemed that argument to lack merit, given that the Tenth Circuit had already rejected it.  Id. at 467.

Several months after our decision, Kieffer filed a "Motion for Reconsideration and/or Relief from Final Judgment of Dismissal (Fed R. Civ. P. 60(B))," in the District Court, purporting to have new evidence for the court's consideration:  the BOP's recalculation of his sentence pursuant to the Colorado District Court's new judgment on remand.  However, the essence of Kieffer's motion was, once again, his argument that he had received an oral sentence of 48 months that is superior to any written judgment.  The District Court summarily denied the motion, noting that we had already affirmed its dismissal of Kieffer's § 2241 petition.  This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  If no substantial question is presented, we may affirm on any ground supported by the record.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6; Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We construe Kieffer's motion as seeking relief pursuant to Federal Rule of Civil Procedure 60(b)(2), which allows a litigant to obtain relief from a final judgment based on "newly discovered evidence."[2]  A movant "bears a heavy burden" under this rule,

---

[2] Although Kieffer sought reconsideration, he cited Rule 60(b) and expressly relied on newly discovered evidence as the basis for his motion.  Furthermore, he filed his motion after the 28-day deadline in Rule 59(e) for motions for reconsideration.

4

Plisco v. Union R.R. Co., 379 F.2d 15, 17 (3d Cir. 1967), and must show that the new evidence is material, could not have been discovered earlier, and "would probably have changed the outcome" of the proceedings, Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991). In general, we review orders denying Rule 60(b) motions for an abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008).

As noted above, Kieffer relies on the BOP's recalculation of his sentence as newly discovered evidence warranting relief because it states a term never used by the sentencing court, i.e., 88 months. This is an utterly meritless contention. The Tenth Circuit Court of Appeals ordered the Colorado District Court to issue a judgment reflecting a sentence of 88 months, see 596 F. App'x at 661-62, and it recently rejected Kieffer's argument that the 88-month sentence is invalid. See 2016 U.S. App. LEXIS 1652 at *6-9. Furthermore, Kieffer's motion is essentially an attempt to relitigate his contention that he received an oral sentence of 48 months. This position has been rejected by this Court and the Tenth Circuit. See id. at *8-9; Kieffer v. Warden, 616 F. App'x at 467; United States v. Kieffer, 596 F. App'x at 661. A Rule 60(b) motion may not be used as a means of seeking review of our prior decisions. See Reform Party v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 312 (3d Cir. 1999) (en banc).

In sum, it is apparent that Kieffer has failed to offer anything that would have changed the outcome of his § 2241 proceedings. Rule 60(b)(2) relief was therefore not

warranted, and the District court acted within its discretion when it denied Kieffer's motion.[3]  Accordingly, we will summarily affirm the District Court's order.

---

[3] To the extent that Kieffer also sought relief under Rule 60(b)(1) and (6), he failed to show any mistake that called the validity of the prior judgment into doubt or any "extraordinary circumstances where, without [Rule 60(b)] relief, an extreme and unexpected hardship would occur." Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993).