**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2878
_____

SEAN COLLINS,
                                        Appellant

v.

WARDEN CANAAN FPC
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:20-cv-02230)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 8, 2022

Before: KRAUSE, BIBAS and SCIRICA, Circuit Judges

(Opinion filed:  July 14, 2022)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Sean Collins, a federal prisoner proceeding pro se, appeals the District Court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241. For the following reasons, we will affirm.

Collins was convicted of drug offenses, see 21 U.S.C. § 846, and is serving a 120-month sentence at the Minimum Security Satellite Camp adjacent to the Canaan United States Penitentiary. According to the Government, Collins's projected release date is March 16, 2028. In August 2020, his Unit Team determined that he qualified to be placed in home confinement based on changes to 18 U.S.C. § 3624(c)(2) made by the Coronavirus Aid, Relief, and Economic Security (CARES) Act. See Pub. L. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). According to Collins, the Warden approved placement in home confinement. (ECF 2, at 5, 43.) But the Bureau of Prisons (BOP) overruled the warden's approval on the ground that Collins had not met the "time served thresholds." Kerr Decl. ¶ 3 (ECF No. 12-1, at 3).

Collins next filed a § 2241 petition in the United States District Court for the Middle District of Pennsylvania. He asserted that "the BOP has usurped the role of Congress by adding an additional gatekeeper to the home confinement process…. The statute governing home confinement has no requirement for appeal [to the] BOP Central Office after or before the Warden's approval." (ECF 1, at ¶ 13.) Collins asked the District Court to "order [the warden] to honor its prior approval for home confinement and release [him] pursuant to 18 U.S.C. § 3624." (Id. at ¶ 15.)

The District Court dismissed the petition, holding that Collins failed to exhaust his administrative remedies. In the alternative, the District Court held that it lacked authority to order the BOP to release Collins to home confinement and that the BOP did not abuse its discretion in denying Collins' request for home confinement. (ECF 15 & 16.) The District Court also dismissed as moot Collins's motions for appointment of counsel and class certification.[1] (Id.) Collins timely appealed.[2] (ECF 17.)

Under 18 U.S.C. § 3624(c)(2), the Director of the BOP may place a prisoner in home confinement for the shorter of ten percent of his or her term of imprisonment or six months. The CARES Act authorized the Director to extend the period of home confinement in light of the COVID-19 pandemic. See Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). As these statutes make clear, the BOP has exclusive control over an inmate's placement in home confinement. See Tapia v. United States,

---

[1] Collins does not challenge the dismissal of those motions on appeal. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief).

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291 and may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). Because we conclude that Collins' underlying claims lack merit, we will not conclusively rule on the District Court's determination that he failed to exhaust his administrative remedies. It appears, however, that the District Court may have erred because "a prisoner need not exhaust administrative remedies where the issue presented involves only statutory construction[.]" Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012). We read Collins' request for an order directing the warden to honor its prior approval of home confinement as part of his argument that the statute places the authority to make home confinement determinations exclusive with the warden.

564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over the place of the prisoner's imprisonment and the treatment programs (if any) in which he may participate." (citation and internal quotation marks omitted)).  Therefore, to the extent that Collins challenges the District Court's conclusion that it lacked authority under the CARES Act to order that he be placed in home confinement, the claim lacks merit.  See United States v. Houck, 2 F.4th 1082, 1085 (8th Cir. 2021); United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021).

Moreover, assuming that the absence of authority to *order* home confinement does not prohibit a court from *reviewing* in a § 2241 petition the BOP's denial of home confinement, we conclude that the District Court did not abuse its discretion.[3]  In explaining why Collins was not selected for home confinement, the BOP stated that, among other things, Collins did not meet the "time served thresholds."  Kerr Decl. ¶ 3 (ECF No. 12-1, at 3).  Those thresholds apparently refer to BOP memoranda addressing home confinement in the wake of the CARES Act, which indicated that the BOP was prioritizing for consideration those inmates who either (1) have served 50% or more of their sentences, or (2) have 18 months or less remaining in their sentences and have

---

[3] See Vasquez, 684 F.3d at 434 (reviewing for abuse of discretion the BOP's decision to limit a petitioner's pre-release placement under § 3624(c)(6)(C)); see also Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005) (stating that "the criteria for determining [a prisoner's] placement are instrumental in determining how a sentence will be 'executed'").

served 25% or more of their sentences.  Kerr Decl. ¶ 5 (ECF No. 12-1, at 4).  At the time that Collins was considered, he had served less than 15% of his term.  Kerr Decl. ¶ 7 (ECF No. 12-1, at 4).  Collins argues that the BOP impermissibly relied on the time remaining on his sentence because that factor "only relates to the order in which each inmate's case file will be reviewed for home confinement consideration."  Appellant's Br. at 13.  According to Collins, the home confinement determination instead should have been based on the factors outlined in the relevant statutes and in memoranda issued by the Attorney General regarding home confinement and the COVID-19 pandemic.  Id. at 10-14.  The BOP did consider those factors, however, explaining that Collins "was individually and comprehensively reviewed under the five factors of 18 U.S.C. § 3621(b), 18 U.S.C. § 3624(c)(2), the [CARES] Act and Attorney General Barr memorand[a] and determined to not be appropriate for home confinement because he does not meet the time served thresholds."  Kerr Decl, ¶ 5 (ECF No. 12-1, at 3).  Thus, the BOP followed the Attorney General's direction to consider "the totality of the circumstances for each individual inmate, the statutory factors for home confinement, and [a] non-exhaustive list of discretionary factors…."  Id. at ¶ 4 (citing Attorney General Memorandum of Mar. 26, 2020) (ECF 12-1, at 3).  Because the BOP gave "individual review" to Collins' case, Vasquez, 684 F.3d at 434, and given the discretion afforded to the BOP's home confinement determinations, we cannot say that there was any abuse of discretion here.

Finally, Collins asserts that Congress "expressly mandated that the decision whether to grant or deny a petition for prerelease custody be made by the warden of the

5

institution, and that the decision be based on the three enumerated and determinative factors" in § 3624(g)(1)(D)(i)(II). Appellant's Br., 16-17. The BOP violated that mandate, according to Collins, by overruling the warden's home confinement approval. Collins' interpretation of the statute is misplaced. The portion of the statute that Collins cites allows prerelease custody or supervised release of participants in a "risk and needs assessment system" when the warden determines that "the prisoner would not be a danger to society if transferred[,]" "the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities[,]" and "the prisoner is unlikely to recidivate." § 3624(g)(1)(D)(i)(II); see also Bottinelli v. Salazar, 929 F.3d 1196, 1197-98 (9th Cir. 2019) (describing the "establish[ment of] a 'risk and needs assessment system' to, broadly speaking, review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and 'determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624'" (quoting First Step Act of 2018, § 102(b), Pub. L. No. 115-391, 132 Stat. 5194, 5196-97)). Collins, however, was not considered for release under the risk and needs assessment system. Instead, he claimed that the warden approved home confinement under the CARES Act (ECF 2, at 5, 43), which, as explained above, provides exclusive authority to the BOP to transfer an inmate to home confinement. See 18 U.S.C. §§ 3621(b) & 3624(c)(2); § 12003(b)(2) of the CARES Act.

6

For the foregoing reasons, we will affirm the judgment of the District Court.[4]

---

[4] Collins' motions for "judgment on submissions" (Doc. 13 & 15), which seek to vacate the District Court's order, are denied.