**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2595
_____

SAVINO BRAXTON,
                                                Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:21-cv-00544)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 21, 2022
Before: SHWARTZ, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed November 23, 2022)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant and USP Lewisburg inmate Savino Braxton appeals the District

Court's dismissal of his petition under 28 U.S.C. § 2241 for failure to exhaust

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

administrative remedies and denial of his motion for reconsideration. We will affirm the District Court's judgment.

Braxton was convicted of possession with intent to distribute heroin, see 21 U.S.C. § 841. The United States District Court for the District of Maryland sentenced him to 20 years' imprisonment, but in response to Braxton's August 2020 motion for compassionate release, it reduced his sentence to 14 years.[1] Braxton is now slated for release in August 2024.

In recent years, Braxton has sought to be released or placed on home confinement. The current appeal concerns a request he attempted to lodge via an email he sent to the Lewisburg Warden in January 2021.[2] In it, he asked for release or to be placed on home confinement under 18 U.S.C. § 3624(c)(2) because of the dangerous living conditions in prison, including the risk to his health—he has several serious medical diagnoses—should he contract the COVID-19 virus again. See ECF No. 1-1, Ex. A. Braxton avers that he did not receive a reply to the email, and he filed a § 2241 habeas petition in the United States District Court for the Middle District of Pennsylvania in March 2021. He argued that his continued incarceration violated the Constitution and asked to be placed in the home confinement program. ECF No. 1 at 1-2. The Government opposed the §

---

[1] Braxton also has a six-month consecutive sentence for summary contempt.

[2] Braxton filed a subsequent § 2241 petition raising statutory challenges to the home confinement program under the First Step Act, and the District Court has now denied his claims on the merits. See Braxton v. Spaulding, M.D. Pa. Civ. No. 4:21-cv-01890, Order entered July 25, 2022 (ECF No. 27). His appeal of that decision is pending separately. See Braxton v. Warden Lewisburg USP, C.A. No. 22-2517.

2241 petition, alleging, among other things, that Braxton had not exhausted his administrative remedies. The District Court agreed with the Government and dismissed the petition without prejudice for failure to exhaust. The Court denied Braxton's motion for reconsideration and a motion for counsel. Braxton timely appealed. The matter is fully briefed by the parties and ripe for adjudication.[3]

Ordinarily, a petitioner must exhaust all levels of administrative remedies prior to filing a habeas petition under § 2241. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).[4] Here, there is no dispute that Braxton did not complete the administrative process outlined at 28 C.F.R. § 542.10 et seq. (the Bureau of Prisons' Administrative Remedy Program) because his attempt at administrative redress consisted only of a brief email to the warden. Rather, Braxton argues that exhaustion would be futile and should be excused because the administrative remedy process was not made available to him. See ECF No. 1 at 11-12.

While it is true that a court may excuse a failure to exhaust where the petitioner demonstrates that exhaustion would be futile, see Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J. concurring), we agree with the District Court that this was not

---

[3] We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the denial of a § 2241 petition. See Blood v. Bledsoe, 648 F.3d 203, 206 (3d Cir. 2011) (per curiam). We may affirm on any basis supported in the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

[4] We have held that, when a prisoner asserts in his § 2241 petition an issue of statutory construction only, exhaustion of administrative remedies is not required. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012). However, that is not what Braxton claimed here.

3

such a situation.  See D. Ct. Mem. Op. at 6.  Braxton contended in the District Court and on appeal that the warden failed to respond to his January 2021 email, which essentially rendered the administrative process unavailable to him.  See ECF No. 1 at 11; Appellant's Informal Brief at 2; cf. Ross v. Blake, 578 U.S. 632, 643 (2016) (providing that a prison grievance process is unavailable when, among other things, the remedy "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief").  But, for the purposes of this § 2241 habeas petition,[5] Braxton did not follow the proper procedure to begin with.  As the District Court noted, Braxton has engaged in the administrative grievance procedure process before, and that process does not begin with an email to the warden.  See D. Ct. Mem. Op. at 6-7 (explaining the initiation of the process with the filing of a BP-8 form); see Small v. Camden County, 728 F.3d 265, 268 (3d Cir. 2013) (stating that the Court accepts the factual findings of the District Court unless clearly erroneous).  Simply put, Braxton does not allege that the *proper* procedure was not available to him.[6]

For these reasons, we will affirm the orders of the District Court.

---

[5] To the extent that Braxton wanted to have his filing considered under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), the District Court could not entertain such a motion because Braxton was not sentenced in the Middle District of Pennsylvania.  See United States v. Raia, 954 F.3d 594, 596 (3d Cir. 2020).

[6] Braxton mentions in his brief on appeal that the District Court should have construed his petition under the All Writs Act and granted class certification, but he did not properly develop or support these statements.  See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health and Hum. Servs., 101 F.3d 939, 945 (3d Cir. 1996).  In any event, they lack merit.  The District Court did not abuse its discretion in denying Braxton's motion for reconsideration to the extent that he discussed these issues in his motion.  See Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

4